*635 OPINION.
Black:
It is conceded by ail parties to this proceeding that the exchange of securities in 1923, which has been fully explained in our findings of fact, falls within the terms of section 202 (c) (2) of the Revenue Act of 1921 and was a transaction in which no gain or loss is recognized.
It is equally clear that the sale in 1924 by petitioners of certificates of beneficial interest in the Curtiss Assets Co. was one in which gain or loss should be recognized and is governed by section 204 (a) (6) of the Revenue Act of 1924, the applicable part of which reads:
Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913,- shall be the cost of such property; except that—
* ⅜ * * * * *
(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. * * *
It is the contention of petitioners that, because the language of the foregoing section says that where there has been an- exchange of securities in a reorganization the new securities received shall take the same basis of cost as the old securities surrendered, therefore each share of preferred stock in the new Curtiss Aeroplane & Motor Co. took the same basis as the cost of one share of preferred stock in the old Curtiss Aeroplane & Motor Corporation and each beneficial interest certificate in the new Curtiss Assets Co. took the same basis as the cost of one share of preferred stock in the old Curtiss Aeroplane & Motor Corporation. In passing upon the merits of that contention, it should be remembered that in the reorganization each holder of a share of preferred stock in the old corporation received for it one-half share in the new Curtiss Aeroplane & Motor Co. and one-half share in the Curtiss Assets Co. The aggregate of these two one-half shares took the same basis of cost as each share of preferred stock in the ol'd corporation, but in our opinion it could only be held that they each took an equal portion of the cost of the original share of preferred stock in the old company upon a showing being made that the fair market value, at the time of the exchange, of the preferred stock in the new Curtiss Aeroplane & Motor Co. and the certificates of beneficial interest in the Curtiss Assets Co. was the same. In other words, we hold that this transaction is one which requires an apportionment of the basis of cost of each share of preferred stock in the old company surrendered between the one-half share in the *636 Curtiss Aeroplane & Motor Co. and the one-half certificate of beneficial interest in the Curtiss Assets Co. received in exchange therefor. X plus Y may equal 1 but that does not necessarily mean that X equals one-half and Y equals one-half. X may equal three-fourths and Y may equal1 one-fourth. It can only be held that X equals one-half and Y equals one-half when the evidence shows that fact to be true.
Respondent refused to treat the sale of the certificates of beneficial interest as one in which loss could be recognized, citing as justification for his action a part of article 1567 of Regulations 62, which he quoted in the deficiency letter as follows:
If property is exchanged for two kinds of property and no gain or loss is recognized under Articles 1564 and 1566, the cost of the original property shall be apportioned, if possible, between the two kinds of property received in exchange for the purpose of determining gain or loss upon subsequent sale, or if no fair apportionment is practicable, ño profit on any subsequent sale of any part of the property received in exchange is realized until, out of the proceeds of sale shall have been recovered the entire cost of the original property.
In refusing to treat the sale of the certificates of beneficial interest as one in which gain or loss might be recognized, we think respondent was in error. It was properly held, we think, in I. T. 2335, C. B. VI-1, p. 28, that while Regulations 65 (Revenue Act of 1924) and Regulations 69 (Revenue Act of 1926) do not contain any provisions corresponding to article 1567 of Regulations 62 (Revenue Act of 1921), nevertheless, the provisions of article 1567 of Regulations 62 lay down a principle which is equally applicable to reorganizations under subsequent acts. We think the applicable part of article 1567 of Regulations 62 to the instant case is as follows:
* * * When securities of a single class are exchanged for new securities of different classes so that no gain or loss is realized under the provisions of paragraph (S) of article 1506 [relating to reorganizations], for the purpose of determining gain or loss on the subsequent sale of any of the new securities the proportion of the original cost, or other basis, to be allocated to each class of new securities is that proportion which the market value of the particular class bears to the market value of all securities received on the date of the exchange. For example, if 100 shares of common stock, par value $100, are exchanged for 50 shares of preferred and 50 shares of common each of $100 par value, and the cost of the old stock was $250 per share, or $25,000, but the market value of the preferred on the date of the exchange was $110 per share, or $5,500 for the 50 shares, and the market value of the common was $440 per share or $22,000 for the 50 shares of common, one-fifth of the original cost, or $5,000, would be regarded as the cost of the preferred, and four-fifths, or $20,000 as the cost of common. * * *
In applying the above quoted regulation to the facts of the instant case we are confronted with the necessity of finding the respective values of the preferred stock of the new Curtiss Aeroplane & Motor *637 Co., and the certificates of beneficial interest in the Curtiss Assets Co. at the time they were received in the exchange. The two new securities were set up on the books of the respective corporations at par, and if such action could be taken as proof of the value of said securities on that date, then the apportionment of costs should be made on an equal basis, as it was made on petitioner’s books, but it can not be so received. Petitioners did not establish that the assets taken over by the respective corporations in the reorganization were worth the amount at which they were set up on the books of the new' corporations. If any appraisement was made of the assets at the time of the reorganization by any reputable appraisers, it was not put in evidence. It was stipulated that the certificates of beneficial interest o'f the Curtiss Assets Co. were first quoted on the New York Curb Exchange during the week of April 25, 1924, at $20 per certificate and the preferred stock of the Curtiss Aeroplane & Motor Co. was first quoted on the New York Stock Exchange during the week ending February 15, 1924, at $70 per share. If any sales of either security were made prior to the ones above mentioned, no evidence of that fact was offered at the hearing. After a careful review of all the evidence we think the above prices for which they were first sold represents the respective values of the securities at the time the exchange took place. Figured on this basis, the securities which Glenn H. Curtiss received in the reorganization were valued as follows:
813 shares preferred stock in Curtiss Aeroplane & Motor Co., at $70 per share-$56, 910.
813 certificates of beneficial interest in Curtiss Assets Co. at $20 per certificate_ 16, 240.
Total value of all securities received_ 73,150.
The cost of the 1,626 shares of preferred stock in Curtiss Aeroplane & Motor Corporation (old company) was $106,548.85. The basis of cost of the 813 certificates of beneficial interest in the Curtiss Assets Co. is 16,240/73,150 of $106,548.85, which equals $23,677.52. The loss which petitioner Glenn H. Curtiss is entitled to deduct from his 1924 income on account of the sale of 813 certificates of beneficial interest in the Curtiss Assets Co. is $7,437.52, instead of the $37,034.43, as claimed by him.
The securities which petitioner Lena P. Curtiss received in the reorganization were valued as follows:
876 shares preferred stock in Curtiss Aeroplane & Motor Co. at $70 per share-$61,320.
876 certificates of beneficial interest in Curtiss Assets Co. at $20 per certificate_ 17, 520.
Total. 78,840.
*638 The cost to her of the 1,726 shares of preferred stock of the Curtiss Aeroplane & Motor Corporation (old company) was $131,366. The basis of cost of the 876 certificates of beneficial interest in the Curtiss Assets Co., which she received was 17,520/78,840 of $131,366, which equals $29,192.44, or $33.32 per single certificate of beneficial interest. In the taxable year she sold 377 of these certificates for $7,540. The basis of cost of these 377 shares was $12,561.64 ($33.32 multiplied by 377). The loss which petitioner Lena P. Curtiss is entitled to deduct from her 1924 income on account of the sale of 377 certificates of beneficial interest in the Curtiss Assets Co. is $5,021.64, instead of the $20,680 claimed by her.
Reviewed by the Board.

Judgment will be entered under Rule 50.

Van Fossan did not participate in the consideration of or decision in this report.